# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| LAWRENCE RAY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | NO. 3:17-cv-01063 |
|  | ) | CHIEF JUDGE CRENSHAW |
| R. DERIGGI, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM

The Plaintiff, Lawrence Ray, is an inmate at the Offender Re-Entry Center (ORC) in Nashville. He brings this action *pro se* pursuant to 42 U.S.C. § 1983 against R. Deriggi, a Program Manager at ORC, seeking his immediate release from custody and damages.

In April, 2017, the Plaintiff was arrested by Metro police officers. (Doc. No. 1 at 2.) He pled guilty to an unspecified charge. (Id.) Plaintiff's sentence required him to complete a rehabilitative program known as "New Avenue". (Id.) "New Avenue is a forty five day program. (Id.) Upon his arrival at ORC, the Plaintiff was not placed in the "New Avenue" program. The Plaintiff filed a grievance and was told that he was on a waiting list but that there were several others on the waiting list ahead of him. He was assured that he would be placed "in the program as quickly as we can." (Id. at 6.)

The Plaintiff has been waiting several weeks to enter the program. He alleges that others who arrived at ORC after him have been immediately placed in the program, completed the program, and have been released from custody. (Id. at 3.) The Plaintiff claims that "he has been intentionally

treated differently than others similarly situated without any rational basis for the difference." (Id at 1.) He further claims that "he has been targeted because of the law suite [sic] he has filed." (Id at 3.)

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

An equal protection claim requires more than a simple showing that other inmates are being treated differently than the Plaintiff. Booher v. U.S. Postal Service, 843 F.2d 943, 944 (6th Cir.1988). Where an equal protection claim involves neither the denial of a constitutional right nor a suspect classification, state action allegedly violating equal protection is reviewed under a rational basis level of scrutiny. Jackson v. Jamrog, 411 F.3d 615, 618 (6th Cir. 2005). In this instance, a fundamental right is not implicated. Rhodes v. Chapman, 452 U.S. 337, 348 (1981) ("We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); see also Argue v. Hofmeyer, 80 Fed. Appx. 427, 429 (6th Cir. Oct. 30, 2003) (prisoners have no constitutional right to rehabilitation, education or jobs). Nor has the Plaintiff alleged that he is a member of a suspect class. Michael v. Ghee, 498 F.3d 372, 379 (6th Cir. 2007) (prisoners are not a suspect class); cert. denied 553 U.S. 1005 (2008). Conduct that involves neither a fundamental right nor a suspect classification is accorded a strong presumption of validity. Heller v. Doe by Doe, 509 U.S. 312, 319 (1993).

Under rational basis scrutiny, government action amounts to a constitutional violation only if it "is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." Warren v. City of Athens, Ohio, 411

2

F.3d 697, 710 (6th Cir. 2005). The Plaintiff was placed on a waiting list to enter the "New Avenue" program. He was informed that the waiting list was long. Even though other inmates may have been placed in the program after the Plaintiffs arrival at ORC, it cannot be said that the defendant has acted irrationally by making the Plaintiff wait before entering the program. Therefore, the Plaintiff has failed to state an equal protection claim for relief.

The Plaintiff also asserts that he has not been placed in the program presumably because of the filing of the instant action. (Doc. No. 1 at 3.) Any adverse action taken against a prisoner in retaliation for the exercise of a protected right violates the Constitution. Thaddeus X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). It is well settled that a prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-23 (1977). In this instance, though, the Plaintiff was denied immediate placement in the "New Avenue" program before this action was ever filed. Therefore, it cannot be said that the Plaintiff has been retaliated against because of his law-related activities.

The Court finds that the allegations in the Complaint do not rise to the level of a constitutional deprivation. The Plaintiff, then, is unable to prove every element of a § 1983 cause of action. Plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE