UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LAWRENCE RAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:17-cv-01063 |
| | ) | CHIEF JUDGE CRENSHAW |
| R. DERIGGI, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are a *pro se* prisoner Complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an Application to proceed in forma pauperis from Lawrence Ray. (Doc. No. 4).

It appears from the Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application is **GRANTED**. The Clerk will file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum Opinion contemporaneously entered, the Complaint fails to state a claim upon which relief can be granted at this time. Consequently, this action is hereby **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[1]

The Clerk is directed to send a copy of this Order to the Sheriff of Davidson County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.

Entry of this order shall constitute the judgment in this action.

IT IS SO ORDERED.

  _____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE